UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br>    Plaintiff,<br>v.<br>SHOPS AT TANFORAN ASSOCIATES, LLC, et al.,<br>    Defendants. | Case No. 19-cv-06787-JCS<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION AND VACATING MARCH 6, 2020 MOTION HEARING**<br><br>Re: Dkt. No. 38 |

Plaintiff Samuel Love asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh Civil Rights Act based on Defendants' failure to provide accessible sales counters at Regis Salon, in San Bruno California. Presently before the Court is Defendants' Motion to Dismiss ("Motion"). In the Motion, Defendants assert that this case is moot because the company that owned Regis Salon has ceased operations and the salon closed permanently on January 2, 2020. Therefore, they assert, there is no effective relief the Court could award Plaintiff in this action because injunctive relief is the only form or relief available under the ADA. Defendants further assert that the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim and instead dismiss this action.

Plaintiff does not dispute that the ADA claim is moot, *see* Opposition at 1, but asks the Court to exercise supplemental jurisdiction over his Unruh Act claim. Courts have discretion to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed if they find that doing so is in the interest of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Given that this case is in its early stages, however, the Court finds that these factors favor dismissal of the case. *See id.*

("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). Accordingly, the Court GRANTS the Motion and dismisses this case without prejudice. The Motion hearing set for **March 6, 2020 is vacated**.[1]

**IT IS SO ORDERED.**

Dated: February 18, 2020

‌‌ ‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).